STATE EX REL. KOCH, RELATOR, *v.* WRIGHT, STATE TREASURER, RESPONDENT.

[Submitted October 14, 1895. Decided October 21, 1895.]

AGRICULTURAL COLLEGE BONDS—*Custodian of proceeds of sales—State treasurer.*— Under section 1636, Political Code, providing that immediately upon the receipt of proceeds from the sale of bonds issued under section 1680, *Id.*, for the use and benefit of the agricultural college, "the state treasurer shall turn the same over to the treasurer of the agricultural college," the proper custodian of such funds is the treasurer of the agricultural college who may, by *mandamus*, compel the state treasurer to pay over such proceeds when received by him.

ORIGINAL PROCEEDING. Application for a writ of mandate to compel the state treasurer to pay to the treasurer of the agricultural college the proceeds from the sale of certain bonds. Writ made permanent.

Statement of the case by the justice delivering the opinion.

This matter is for hearing on the return of an alternative

writ of *mandamus*. It appears by the affidavit of the relator
that he is the treasurer of the agricultural college of the state,
and that the respondent is the state treasurer. It further ap-
pears that the state board of land commissioners issued bonds
in the sum of $100,000, pursuant to the provisions of section
1630 of the Political Code of 1895. These bonds were sold
under the provisions of section 1634.

Sections 1635 and 1636 provide as follows: "The money
derived from the sale of said bonds shall be used to erect, fur-
nish and equip buildings for the use and benefit of the agri-
cultural college of the state of Montana, at the city of Boze-
man, in said state." "Immediately upon the receipt of the
money, the proceeds of the sale of said bonds, the state treas-
urer shall turn the same over to the treasurer of the agricul-
tural college, and it shall be disbursed by him, on orders of
the executive board of the said agricultural college, in the
erection or furnishing of a suitable building or buildings for
the use and benefit of the agricultural college, upon plans and
specifications first submitted to and approved by the state
board of education; provided, however, that the general
supervision of the construction and erection of such building
or buildings, and the furnishing and equipping thereof, shall
be under the control of the state board of education."

The affidavit further states that the purchase price was to be
paid in installments, and that $30,000 had been paid to the re-
spondent, and that the respondent, although requested so to
do, has not turned over said sum to the relator, as treasurer
of the agricultural college; that plans and specifications for the
erection and furnishing of the building for said college have
been prepared, under the supervision of the executive board
of the college, and adopted by said board, and approved by the
state board of education.

The affidavit prays that an alternative writ be issued, re-
quiring respondent to turn over the money to relator, or show
cause why he has not done so.

The respondent filed an answer. He admitted that, of said
sum of $30,000, there was in his possession $29,155.33. The

difference between this sum and $30,000, the respondent alleges, is not in his possession, but has been expended for the benefit of the agricultural college, under the supervision of the state board of education. Relator concedes that he cannot demand this difference in this proceeding, and asks that there be turned over to him only the sum which the state treasurer admits to be in his hands.

The answer further sets up the fact that plans and specifications had been prepared, and an architect employed, by the state board of education; that the state board of education have no other funds at their disposal for continuing the erection of the agricultural college. It sets up in full what has been done by the state board, and that the state board of education has the sole and exclusive power and authority to make and let contracts for the erection and furnishing of any and all buildings for the use and benefit of the agricultural college, and that the executive board of the agricultural college is under the control, direction, and supervision of the state board of education, and has no power or authority to make any contracts for the erection or furnishing of the buildings of the agricultural college, or to draw any orders for the payment for such services and expenses.

The relator filed a demurrer to this answer, to the effect that it did not constitute any defense to the writ heretofore issued.

*Hartman & Hartman,* for Relator.

*Henri J. Haskell,* Attorney General, for Respondent.

DE WITT, J.—The demurrer to the respondent's answer must be sustained. The question before this court now is simply as to the custodianship of the money received from the sale of the agricultural college bonds.

Section 1636, Political Code 1895, directs that immediately upon the receipt of this money, the proceeds for the sale of these bonds, the state treasurer shall turn over the same to the treasurer of the agricultural college. The answer sets up no

reason why this statute should not be obeyed. It simply alleges, at great length, the actions of the state board of education. It recites the law as to the disbursement of the money, and the supervision and construction of the agricultural college buildings.

There is no question here about the disbursement of the money, and no question before the court as to the supervision and construction of the college building by the state board of education. Those are all matters controlled by the statute. (Political Code 1895, § 1636.)

It is presumed that the executive board of the college and the state board of education are doing their duty. While the respective parties are performing their duties, section 1636 expressly provides who shall be custodian of the funds. That custodian is the treasurer of the agricultural college.

Let the alternative writ be made permanent.

*Writ granted.*

PEMBERTON, C. J., and HUNT, J., concur.